

U.S. DISTRICT COURT
SOUTHERN DIV.
'07 SEP 25 PM 3: 55
E. Bacon

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

JAMIE MCDANIEL,                          :
                                         :
    Plaintiff,                       :
                                         :
vs.                                      :    CIVIL ACTION FILE NO.
                                         :
ROBERT SMITH; ALAN G. PAULK, JR.;        :    **CV507-079**
ALAN G. PAULK, SR.; JACK HARPER;         :
TODD WINKLER; JOHN DOE 1; and            :    _____
JOHN DOES 2-5;                           :
                                         :
    Defendants.                      :

### COMPLAINT FOR DAMAGES

COMES NOW Jamie McDaniel ("Plaintiff"), and pursuant to 42 U.S.C. § § 1983,

1985, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution, files this COMPLAINT FOR DAMAGES against Defendants Robert

Smith, Alan G. Paulk, Jr., Alan G. Paulk, Sr., Jack Harper, Todd Winkler, John Doe 1,

and John Does 2-5, individually and, as applicable, in their respective past and present

official capacities, respectfully showing this Honorable Court the following:

### PARTIES AND JURISDICTION

1.

Plaintiff is an individual resident of the State of Arizona.

2.

Defendant Robert Smith (alternatively referred to as "Defendant Smith") is an

individual resident of Coffee County, Georgia. This Defendant may be served by

delivering the summons and a copy of the Complaint to his personal address.

3.

Defendant Alan G. Paulk, Jr. (alternatively referred to as "Defendant Paulk, Jr.") is resident of the State of Georgia. This Defendant may be served by delivering the summons and a copy of the Complaint to his personal address, which is, upon information and belief, 476 McWilliams Ave., S.E., Atlanta, GA 30316.

4.

Defendant Alan G. Paulk, Sr. (alternatively referred to as "Defendant Paulk, Sr.") is an individual resident of Coffee County, Georgia. This Defendant may be served by delivering the summons and a copy of the Complaint to his personal address: 240 Alan Drive, Douglas, Georgia 31535.

5.

Defendant Jack Harper (alternatively referred to as "Defendant Harper") is an individual resident of Coffee County, Georgia. This Defendant may be served by delivering the summons and a copy of the Complaint to his personal address.

6.

Defendant Todd Winkler (alternatively referred to as "Defendant Winkler") is an individual resident of Coffee County, Georgia. This Defendant may be served by delivering the summons and a copy of the Complaint to his personal address.

7.

Defendant John Doe 1 is an unknown individual resident of Georgia who aided in the commission of the wrongs set forth in this Complaint. This Defendant may be served upon discovery of his identity and address.

8.

Defendants John Does 2-5 are other, unknown individual residents of Georgia who aided in the commission of the wrongs set forth in this Complaint including the incarceration and imprisonment of Plaintiff. These Defendants may be served upon discovery of their identity and address.

9.

This action arises under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, for which the jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, 28 U.S.C. §§ 1331 and 1343(a)(1)-(4).

**RENEWED ACTION**

10.

On July 20, 2006, Plaintiff filed a Complaint for Damages in the State Court of Cobb County and named Alan G. Paulk, Jr., Robert Smith, Alan G. Paulk, Sr., Jack Harper, Todd Winkler, John Doe 1, and John Does 2-5, collectively "Defendants", as Defendants.

11.

On March 26, 2007, Plaintiff voluntarily dismissed his Complaint against Defendants without prejudice.

12.

After filing his dismissal without prejudice, Plaintiff is **HEREBY RENEWING** his complaint pursuant to O.C.G.A. §§ 9-11-41(a) and 9-2-61(a). Plaintiff shows this Court that the previous action against Defendants was not a void action. Plaintiff's

3

voluntary dismissal of said action without prejudice against Defendants was entered in the State Court for Cobb County on March 26, 2007.  Said dismissal was procedural and not a dismissal based upon the merits of the case.  All preconditions to renewing his suit have been met.

13.

The claims asserted by Plaintiff against Defendants comprise a renewed action, over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1331.

<strong><u>FACTUAL BACKGROUND</u></strong>

14.

Defendant Alan Paulk, Jr. is the son of Defendant Alan Paulk, Sr.

15.

Defendant Alan Paulk, Jr. was a former assistant district attorney for Coffee County, Georgia.

16.

Defendant Alan Paulk, Jr. was a personal acquaintance and former friend of Plaintiff.

17.

Defendant Alan Paulk, Jr. alleged Plaintiff owed him money for a personal loan that this Defendant had made to Plaintiff.

18.

Because of the personal loan to Plaintiff, Defendants conspired to incarcerate Plaintiff in the Coffee County Jail to teach him a lesson and/or to collect on the alleged debt in violation of Plaintiff's constitutional rights.

4

19.

Defendant Jack Harper and Defendant John Doe 1 entered Plaintiff's place of employment in Flagler Beach, Florida in 2004 bearing one or more guns and presenting a law enforcement badge. Defendant Harper was a reserve deputy for the Sheriff of Coffee County, Georgia and was someone who had done things for the Sheriff's Office and Coffee County.

20.

The Defendants, without Plaintiff's consent, seized Plaintiff and forced him into the rear passenger seat of a marked Coffee County Sheriff's Department patrol car.

21.

Without Plaintiff's consent, Defendant Harper, while wearing a Coffee County Sheriff's Department badge and carrying one or more firearms, along with John Doe 1, transported Plaintiff across state lines from Flagler Beach, Florida to the Coffee County Adult Detention Center in Douglas, Georgia.  Defendant Harper presented a badge and carried a firearm.

22.

Defendant Smith instructed Defendant Harper to leave Plaintiff at the Coffee County Adult Detention Center.

23.

Defendant Smith, the Sheriff of Coffee County, authorized and conspired with the other Defendants to incarcerate Plaintiff in the Coffee County jail for more than seventy-two hours without probable cause for detaining him.

24.

Indeed, Defendants willfully and intentionally agreed to keep Plaintiff's imprisonment from appearing on the records of the jail facility by failing to complete any booking records on Plaintiff including fingerprinting, photographing, or otherwise creating a jail file on Plaintiff, and/or by destroying the records of his presence in the jail.

25.

Although Plaintiff was incarcerated in the Coffee County Jail, Defendants conspired to intentionally and purposefully not present Plaintiff to any judicial officer at any time during his imprisonment of more than seventy-two (72) hours in the Coffee County Jail.

26.

At the time Plaintiff was forcibly taken to the Coffee County Jail against his will, he was not presented or served with a valid, certified warrant for his arrest in a lawful manner.

27.

After being held at the Coffee County Jail for more than seventy-two (72) hours without being presented to any judicial officer and without the presentment of any formal charges against Plaintiff, Defendant Todd Winkler, with the consent and agreement of Sheriff Rob Smith and the other Defendants, placed Plaintiff into another, marked Coffee County Sheriff Department squad car, and transported Plaintiff to the detention facility for the City of Atlanta.

28.

Upon arrival at the City of Atlanta, officials with the City of Atlanta detention

facility refused Defendant Todd Winkler's request that they take custody of Plaintiff indicating no documents or authority existed for them to take Plaintiff into custody.

29.

After the several day ordeal of being imprisoned and forcibly transported across state lines against his will, Plaintiff was finally released by Defendants.

30.

Defendant Jack Harper subsequently apologized to Plaintiff's family for his participation in Plaintiff's wrongful arrest and incarceration.

31.

Prior to forcibly seizing Plaintiff from his place of employment in Florida, Defendants reached an agreement to, under color of law, seize Plaintiff and imprison him in the Coffee County Jail for more than seventy-two (72) hours without presenting him to a judicial officer.

32.

Defendant Sheriff Rob Smith was the final policy maker for the Coffee County Sheriff's Department.

33.

Defendant Sheriff Rob Smith, as the final policy maker of the Coffee County Sheriff's Department, instituted a policy, practice or custom which resulted in the violation of Plaintiff's Fourth Amendment and Due Process Rights.

34.

As a result of Plaintiff's seizure and extended imprisonment, Plaintiff's employer fired him under the belief that Plaintiff was a scoundrel and criminal who had committed

grave offenses to warrant such treatment.

35.

Following Plaintiff's release, Plaintiff returned to his place of residence in Flagler

Beach, Florida. Plaintiff then discovered that, in his absence, his landlord had locked him

out of his residence and had evicted him due to the belief that Plaintiff was a criminal.

36.

Sheriff Rob Smith had a policy, practice or custom of using the Sheriff's

Department to violate the laws of the State of Georgia and individuals constitutional

rights.

37.

Indeed, following an investigation by the Georgia Bureau of Investigation and

Federal Bureau of Investigation, and in conjunction with an inquiry by the Superior Court

of Coffee County, Georgia, Defendant Rob Smith was indicted by the Grand Jury on

March 20, 2006 on the following charges: Use of Inmate for Private Gain, Violation of

Oath by Public Officer, Malpractice and Malfeasance in Office, Theft by Conversion,

Violation of Oath by Public officer, and Malpractice and Malfeasance in Office.

38.

On March 29, 2006, in a negotiated plea, Defendant Smith was sentenced to

twelve (12) months of confinement after he entered a guilty plea to Malpractice and

Malfeasance. In return for Defendant Smith's voluntary surrender of his P.O.S.T.

Certification before April 15, 2006, the sentence was suspended.

39.

After pleading guilty to malpractice and malfeasance in office, Defendant Sheriff

8

Rob Smith resigned as Sheriff of Coffee County, Georgia effective April 15, 2006.

40.

The acts, circumstances, and conduct at issue in this Complaint were taken intentionally, with malice towards Plaintiff, and/or with reckless disregard for the rights of Plaintiff, and in bad faith, and/or with negligence.   Said events were in violation of Florida Statutes regarding the prosecution of the business of a bounty hunter, bond agent, bail recovery agent, bail enforcement agent, or guarantor of a surety agreement, or other title or authority purportedly used in the taking of Plaintiff from his place of residence in Florida.

41.

Plaintiff has suffered damages as a result of his imprisonment and failure to present him to a judicial officer as required by Georgia and Florida law in an amount to be proven at trial.

42.

Plaintiff may rely on Florida law in addition to Georgia law and federal law. Defendants violated Florida law in apprehending Plaintiff in Florida, including, but not limited to, the provisions of Florida Statutes §§ 648, et seq., §§ 901, et seq., and § 559.72.

**COUNT I – VIOLATION OF DUE PROCESS BY DEFENDANT SMITH**

43.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

44.

Defendant Rob Smith undertook his actions described in this Complaint under

color of state law, ordinance, regulation, custom, and/or usage, and said actions were in violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.  The actions of Defendant Smith set forth herein constitute a violation of the Fifth and Fourteenth Amendments of the United States Constitution.  The deprivations of rights resulting from the actions and conduct of Defendant Smith are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

45.

O.C.G.A. § 17-4-26 requires that Plaintiff must be presented before a judicial officer within forty-eight (48) hours of arrest if the arrest occurs without a warrant and within seventy-two (72) hours if the arrest occurs with a warrant.

46.

The action of Defendant Smith amounts to a constitutional tort in that the failure to book and record detention of Plaintiff, failure to follow extradition procedures, failure to serve Plaintiff with a certified and/or active warrant, failure to give proper notice and an opportunity for hearing before judicial officer, and detention of Plaintiff in Coffee County Adult Detention Center were intentional, arbitrary, and capricious, were lacking in substantial or rational relationship to the public health, safety, and welfare, and were in violation of the due process clause of the United States Constitution and contrary to the requirements of well-established law.

47.

The actions and conduct of Defendant Smith have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

48.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT II – VIOLATION OF DUE PROCESS BY DEFENDANT HARPER

49.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

50.

Defendant Jack Harper undertook his actions described in this Complaint under color of state law, ordinance, regulation, custom, and/or usage, and said actions were in violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

51.

The actions of Defendant Harper set forth herein constitute a violation of the Fifth and Fourteenth Amendments of the United States Constitution.  The deprivations of rights resulting from the actions and conduct of Defendant Harper are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

52.

The action of Defendant Harper amount to a constitutional tort in that the arrest and detention of Plaintiff in Coffee County Adult Detention Center and the failure to book and record detention of Plaintiff, failure to serve Plaintiff with a certified and/or active warrant, and failure to give proper notice and an opportunity for hearing before a magistrate or Judge of the City Court of Atlanta, were intentional, arbitrary, and capricious, were lacking in substantial or rational relationship to the public health, safety, and welfare, and were contrary to the requirements of well-established law.

53.

The actions and conduct of Defendant Harper have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

54.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT III – VIOLATION OF FOURTH AMENDMENT BY DEFENDANT HARPER

55.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

56.

Defendant Harper undertook his actions described in this Complaint under color of state law, ordinance, regulation, custom, and/or usage, and said actions were in

violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

57.

The actions of Defendant Harper set forth herein constitute a violation of the Fourth and Fourteenth Amendments of the United States Constitution.  The deprivations of rights resulting from the actions and conduct of Defendant are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

58.

The actions of Defendant Harper amount to a constitutional tort in that the seizure of Plaintiff in the State of Florida and his transportation using instruments of authority of the Coffee County Sheriff's Office and transportation across state lines to the Coffee County Adult Detention Center, and the failure to book and record detention of Plaintiff, failure to serve Plaintiff with a certified and/or active warrant, failure to give proper notice and an opportunity for hearing before a magistrate or Judge of the City Court of Atlanta, constituted an illegal search and/or seizure of Plaintiff, and were contrary to the requirements of well-established law, including, but not limited to the requirements of Florida law, federal law, and Georgia law, and the City of Atlanta Charter and Code of Ordinances.

59.

The actions and conduct of Defendant have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

60.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT IV – VIOLATION OF FOURTH AMENDMENT BY DEFENDANT SMITH

61.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

62.

Defendant Smith undertook his actions described in this Complaint, including the actions of permitting use of a Coffee County Sheriff's car for purposes of use by an alleged bounty hunter, bond agent, or other title assumed by Defendant Harper, or guarantors of a surety agreement, and the failure to book and record detention of Plaintiff, failure to serve Plaintiff with a certified and/or active warrant, failure to give proper notice and an opportunity for hearing before a magistrate or Judge of the City Court of Atlanta, under color of state law, ordinance, regulation, custom, and/or usage, and said actions were in violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

63.

The actions of Defendant Smith set forth herein constitute a violation of the Fourth and Fourteenth Amendments of the United States Constitution. The deprivations of rights resulting from the actions and conduct of Defendant are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

64.

The actions of Defendant Smith in detaining Plaintiff in the Coffee County Adult Detention Center under his authority as Sheriff amount to a constitutional tort in that the seizure of Plaintiff using instruments of authority of the Coffee County Sheriff's Office and transportation across state lines to the Coffee County Adult Detention Center for detention, and the failure to book and record detention of Plaintiff, failure to serve Plaintiff with a certified and/or active warrant, failure to give proper notice and an opportunity for hearing before a magistrate or Judge of the City Court of Atlanta, constituted an illegal search and/or seizure of Plaintiff, and were contrary to the requirements of well-established law, including, but not limited to the requirements of Florida law, federal law, Georgia law, and the City of Atlanta Charter and Code of Ordinances.

65.

The actions and conduct of Defendant have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

66.

Plaintiff is entitled to damages in an amount to be proven at trial.

**COUNT V – DEFENDANT SMITH'S SUPERVISORY LIABILITY**

67.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

68.

Defendant Smith undertook his actions described in this Complaint, including directly participating in the seizure and imprisonment of Plaintiff at the Coffee County Adult Detention Center ostensibly for alleged bounty hunters, bond agents, or guarantors of a surety agreement, and the failure to book and record detention of Plaintiff, failure to serve Plaintiff with a certified and/or active warrant, failure to give proper notice and an opportunity for hearing before judicial officer, under color of state law, ordinance, regulation, custom, and/or usage, and said actions were in violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

69.

The actions of Defendant set forth herein constitute a violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. The deprivations of rights resulting from the actions and conduct of Defendant are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

70.

The actions of Defendant Smith participating in and actively permitting his agents to detain Plaintiff in the Coffee County Adult Detention Center under his authority as

Sheriff amount to a constitutional tort in that the seizure of Plaintiff using instruments of authority of the Coffee County Sheriff's Office and transportation across state lines to the Coffee County Adult Detention Center for detention, and the failure to book and record detention of Plaintiff, failure to serve Plaintiff with a certified and/or active warrant, failure to give proper notice and an opportunity for hearing before a magistrate or Judge of the City Court of Atlanta, constituted an illegal search and/or seizure of Plaintiff, and were contrary to the requirements of well-established law, including, but not limited to the requirements of Florida law, federal law, Georgia law, and the City of Atlanta Charter and Code of Ordinances.

71.

The actions and conduct of Defendant have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

72.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT VI – VIOLATION OF DUE PROCESS AND FOURTH AMENDMENT BY DEFENDANT SMITH AS A POLICY, PRACTICE OR CUSTOM

73.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

74.

Defendant Smith was the final policy maker for the Coffee County Sheriff's

17

Department at the time of the incidents alleged in this Complaint.

75.

Defendant Smith undertook his actions described in this Complaint, under color of state law, ordinance, regulation, custom, and/or usage, and as part of a policy and practice of misusing of the Office of the Sheriff of Coffee County and the Coffee County Adult Detention Center for personal and/or political motives including to perform favors for private individuals, and said actions were in violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

76.

The actions of Defendant set forth herein constitute a violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.   The deprivations of rights resulting from the actions and conduct of Defendant are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

77.

The actions of Defendant Smith in participating in and permitting his agents to detain persons including Plaintiff in the Coffee County Adult Detention Center under his authority as Sheriff amount to a constitutional tort in that the seizure of persons using instruments of authority of the Coffee County Sheriff's Office constitute illegal search and/or seizure of Plaintiff, were arbitrary or capricious, deprived Plaintiff of the right to notice and a hearing, and were contrary to the requirements of well-established law, including, but not limited to the requirements of federal law, Georgia law, Florida law and the City of Atlanta Charter and Code of Ordinances.

78.

The actions and conduct of Defendant have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

79.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT VII – VIOLATION OF 42 U.S.C. § 1983 CONSPIRACY

80.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

81.

Defendants, acting under color of law, agreed and conspired to violate Plaintiff's Constitution rights in violation of 42 U.S.C. § 1983 in crossing state lines, seizing Plaintiff against his will and detaining him for more than seventy-two (72) hours without presenting him to a judicial officer as required by Georgia law.

82.

As a result of Defendants conspiracy, Plaintiff is entitled to damages in an amount to be proven at trial under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**COUNT VIII – VIOLATION OF 42 U.S.C. § 1985 CONSPIRACY**

83.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

84.

Defendants, through agreement and participation, conspired to deprive Plaintiff either directly or indirectly, of the equal protection of the laws, or of equal privileges and immunities under the laws by using the power and authority of the Coffee County Sheriff's Department to cross state lines, seize Plaintiff, imprison him for more than seventy-two (72) hours without presenting him to a judicial officer which resulted in Plaintiff being injured.

85.

Plaintiff is entitled to damages under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1985 and 42 U.S.C. § 1988 in an amount to be proven at trial.

**COUNT IX – FAIR DEBT COLLECTION PRACTICES ACT**

86.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

87.

The action and conduct of one or more of the Defendants at issue in this Complaint were connected to collection of, or punishment for, a debt on behalf of a guarantor of a surety bond, and were in violation of the Fair Debt Collection Practices

Act, 15 U.S.C. §§ 801, et seq.

88.

One or more of the Defendants are liable for Plaintiff's damages, attorneys' fees, expenses of litigation and costs, and a statutory penalty under the Fair Debt Collection Practices Act.

**COUNT X – FALSE ARREST**

89.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

90.

Due to the actions of one or more of the Defendants acting alone and/or in conjunction with one another, Plaintiff was deprived of his personal liberty without a warrant for his arrest, or an exception for the requirement of a warrant, causing Plaintiff damages.

91.

One or more of Defendants are jointly and severally liable to Plaintiff for false arrest under Georgia law and equivalent provisions of Florida law.

92.

Plaintiff is entitled to damages in an amount to be proven at trial.

**COUNT XI –WRONGFUL IMPRISONMENT**

93.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

21

94.

One or more Defendants acting alone or in concert with one another, kidnapped and falsely imprisoned Plaintiff and are jointly and severally liable to Plaintiff for wrongful imprisonment under Georgia law including but not limited to the provisions of the Georgia Constitution of 1983, Article 1, Section 1 Paragraph 23, and equivalent provisions of Florida law.

95.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT XII – ASSAULT AND BATTERY

96.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

97.

One or more of Defendants acted jointly and severally in placing Plaintiff in reasonable apprehension for his safety and in wrongfully touching Plaintiff, or in procuring such conduct.  Defendants are liable for assault and battery under Georgia law and equivalent provisions of Florida law.

98.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT XIII – INVASION OF PRIVACY

99.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

100.

One or more of Defendants acted jointly and severally in physically intruding into Plaintiff's private affairs and solitude.  Defendants are liable to Plaintiff for invasion of privacy under Georgia law and equivalent provisions of Florida law.

101.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT XIV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

103.

The acts of one or more Defendants alleged in the Complaint were extreme and outrageous and caused Plaintiff mental and emotional distress.  Defendants are liable to Plaintiff for intentional infliction of emotional distress under Georgia law and equivalent provisions of Florida law.

104.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT XV – BREACH OF LEGAL DUTY

105.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

106.

In addition to or in alternative to the foregoing allegations of the Complaint, Defendants had a legal duty of due care to Plaintiff. Among other things, the laws, rules, and regulations pertaining to recovery of bail bonds, to bail bondsmen, to bail recovery agents, to bail enforcement agents, and/or to recovery of debts, created legal obligations to Plaintiff.

107.

Defendants intentionally or negligently, or with reckless disregard of the consequences to Plaintiff, breached their duty or duties of due care causing Plaintiff damages.

108.

In addition to or in alternative to the foregoing allegations of the Complaint, Defendants were negligent per se.

109.     .

One or more of Defendants are liable for damages to the Plaintiff for breach of a legal duty in an amount to be proven at trial.

## COUNT XVI – AGENCY LIABILITY

110.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

111.

Defendants Smith, Harper, John Does 1-5, and/or Winkler acted in the scope or course of their employment for, and/or agency for, or on behalf of, Defendants Paulk, Sr.

24

and/or Paulk, Jr. in connection with the facts giving rise to the Complaint.

### 112.

In addition to or in alternative to the allegations of the preceding paragraph, Defendants Harper, John Does 1-5, and/or Winkler acted in the scope or course of their employment for, and/or agency for, or on behalf of, Defendant Smith in connection with the facts giving rise to the Complaint.

### 113.

In addition to or in alternative to the allegations of the preceding paragraphs of this Count, Defendants Harper, John Does 1-5, and/or Winkler acted in the scope or course of their employment for, and/or agency for, or on behalf of, Defendants Paulk, Sr. and/or Paulk, Jr. in connection with the facts giving rise to the Complaint.

### 114.

Defendants Smith, Paulk, Sr., and/or Paulk, Jr. are liable for damages to Plaintiff caused by the acts of Defendants Harper, John Does 1-5, and/or Winkler under theories of agency and/or respondent superior.

## COUNT XVII – ATTORNEYS' FEES, EXPENSES AND COSTS

### 115.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

### 116.

Defendants acted in bad faith, were stubborn and litigious, and have caused Plaintiff unnecessary trouble and expense.

117.

Plaintiff is entitled to an award of his attorneys' fees, expenses of litigation and costs pursuant to 42 U.S.C. § 1988.

## COUNT XVIII – PUNITIVE DAMAGES

118.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Complaint.

119.

The acts in this Complaint were part of a pattern and practice of misconduct and corruption by the former Sheriff of Coffee County, Defendant Rob Smith. In addition, Defendants acted with malice, intent, willfully, or with reckless disregard for Plaintiff's rights.

120.

Defendants engaged in the above-described conduct with an evil motive and intent. Defendants' conduct was reckless and was callously indifferent to Plaintiff's federally protected rights under the First Amendment to the United States Constitution.

121.

As a result of Defendants' recklessness and callous indifference to Plaintiff's federally protected rights, and as a result of the significant financial damages that Defendants' illegal conduct has caused it, Plaintiff is entitled to punitive damages.

122.

Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to punitive damages against Defendants in an amount necessary to penalize, punish, and deter Defendants from

further misconduct.

Wherefore, Plaintiff prays as follows:

(a)     That the Complaint be served on Defendants in a manner required by law;

(b)     That this case be tried before a jury;

(c)     That the Court award Plaintiff damages for the torts prayed in this Complaint;

(d)     That the Court award Plaintiff his attorneys' fees, expenses of litigation and costs;

(e)     That the Court award Plaintiff punitive damages; and

(f)     That the Court award Plaintiff such other and further relief as appropriate.

This the 25th day of September, 2007.

**EDENFIELD, COX, BRUCE & CLASSENS, P.C.**

*V. Sharon Edenfield*

**SUSAN W. COX**
State Bar of Georgia No. 738550
**V. SHARON EDENFIELD**
State Bar of Georgia No. 141646

Attorneys for Plaintiff

115 Savannah Ave.
P.O. Box 1700
Statesboro, GA  30459
912.764.8600  telephone
912.764.8862  facsimile