IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JAMIE MCDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO.: CV507-079 |
| ROBERT SMITH; ALAN G. PAULK, | ) |
| JR.; ALAN G. PAULK, SR.; JACK | ) |
| HARPER; TODD WINKLER; JOHN | ) |
| DOE 1; and JOHN DOES 2-5; | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERTS AND SUPPORTING MEMORANDUM OF LAW

COMES NOW, ALAN PAULK, JR., ("Mr. Paulk, Jr."), appearing specially without submitting to the jurisdiction and venue of this Court, pursuant to Federal Rule of Evidence 702, and files this Motion to Exclude the Testimony of the Plaintiff's Experts and shows this Court as follows:

The opinions expressed by the Plaintiff's experts should be excluded for the reasons set forth below.

1. **The opinions of the Plaintiff's experts are not based on sufficient facts or data, or reliable methods or principles and are inadmissible under Rule 702.**

Rule 702 of the Federal Rules of Evidence requires that expert opinion testimony must be based on sufficient facts or data and that they are the product of reliable methods

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

-1-

or principles. *See* Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993). An expert's "proposed testimony [that] is simply a regurgitation of [the Plaintiff's] theory of the case without any objective or independent basis" does not satisfy the requirements of Rule 702. Florida Power and Lights Co. v. Qualified Contractors, Inc., 2005 WL 5955702 (S.D. Fla. 2005). Likewise, "an expert opinion that is not based on any independent investigation or testing and merely relies upon a limited review of deposition testimony and [documents] does not meet Rule 702's criteria of showing that the proposed testimony is based on sufficient facts or data." Id..

Here, the opinions of Tate and Evancho, in their entirety, do no meet the criteria of Rule 702. Both purported experts simply "regurgitate" the Plaintiff's theory of the case. Both experts also base their opinions on a review of deposition testimony and neither conducted any independent investigation or testing. (Tate depo. 31; 17-20). Tate, however, does claim his opinions are based on his invented concept of "triangulation" by which Tate claims to be able to determine if information is consistent. (Tate depo. 47-54). Tate's report does not list the areas or subject matter he "triangulated."(Tate depo. 54). Although he was given ample opportunity to attempt to explain this process, Tate could not. (Id). Moreover, no one other than Tate could recreate his "triangulation" and there is no way to verify his conclusions. Tate also claims to have somehow "triangulated" facts that are not in dispute." (Id. at 64).

Tate's claimed "triangulation" actually further underscores that Tate's opinions are not admissible under Rule 702. Tate's "process" is an attempt to use a pseudo-scientific

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

term to bolster his otherwise inadmissible opinions. He should not be permitted to opine about which witness he believes to be more credible (which is the function of a jury) because he prefaces his opinions with the term "triangulation." Rule 702 was intended to prevent expert witnesses from basing opinions on such junk science and, therefore, Tate's opinions should be excluded.

2.  **Legal Opinions and Conclusions:**

Witnesses cannot generally provide testimony that consists of legal opinions and conclusions. U.S. v. Milton, 555 F. 2d 1198, 2 Fed. R. Evid. Serv. 100 (5th Cir. 1977). Expert testimony consisting of legal conclusions, which does little more than tell the jury what result to reach, is not admissible. *See* Good Shepherd Manor Foundation, Inc. v. City of Momence, 323 F. 3d 557, 60 Fed. R. Evid. Serv. 1616 (7th Cir. 2003) and Molecular Technology Corp. v. Valentine, 925 F. 2d 910, 32 Fed. R. Evid. Serv. 374 (6th Cir. 1991). An expert may not state his opinions as to legal standards, nor may he state a legal conclusion by applying law to the facts. Okland Oil Co. v. Conoco, Inc., 144 F. 3d 1308, 49 Fed. R. Evid. Serv. 644 (10th Cir. 1998). It is also improper for an expert to testify that in his opinion a defendant violated the law. Hygh v. Jacobs, 961 F. 2d 359, 35 Fed. R. Evid. Serv. 532 (2nd Cir. 1992).

Evancho's opinions are that Mr. Paulk, Jr. was involved in a "conspiracy to violate [the Plaintiff's] constitutional rights...;" that he was not authorized to act under the limited power of attorney; and that he was not a surety. (Evancho depo. 230-231). Tate's opinions

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

also include that Mr. Paulk, Jr. engaged in "criminal conspiracy" and that he acted "under the color of law." (Tate depo. 84). Neither Evancho, nor Tate are attorneys and they have never attended law school. (Tate depo. 31 and Evancho depo. 223). Evancho cannot provide an accurate definition of "conspiracy," nor was he even able to provide a specific statutory or case cite that supports his definition of conspiracy. (Evancho depo. 232, 233). Tate also does not properly define "conspiracy" and he can only point to Black's Law Dictionary as a reference. (Tate depo. 83-84 and 230-32). Evancho also agrees it is a legal determination as to whether a conspiracy had been committed. (Evancho depo. 234). Evancho even concedes it is a "legal opinion" as to whether the Plaintiff's constitutional rights were violated. (Evancho depo. 239, 241).

As demonstrated above, the opinions of Tate and Evancho regarding Mr. Paulk, Jr. consist primarily of inadmissible legal opinions or conclusions. The legal opinions and conclusions the Plaintiff wishes his experts to make must be made by the Court, and if necessary, a jury. Thus, the opinions of Tate and Evancho must be excluded.

3.  **Opinions regarding the truthfulness of parties and witnesses:**

Purported scientific testimony concerning the truthfulness of a witness is inadmissible because it invades the jury's province in determining credibility. United States v. Beasley, 72 F. 3d 1518 (11th Cir. 1996).

Tate's testimony is based on his contention that the Defendants created a "ruse" regarding the Plaintiff's bond. (Tate depo. 58, 69-74). Tate states Mr. Paulk, Jr. and the

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

other Defendants "made up" a story to "try to cover the efforts of the actors in this case." (Id. at 69). When he uses the term "ruse," Tate means a lie or fabricated story. (Tate depo. 58). Tate should not be permitted to testify that any of the Defendants in this case are lying or not being truthful. Tate cannot be permitted to tell the Court or the jury whose testimony should be believed or disbelieved. If necessary, a jury rather than Tate must make such determinations. Therefore, any testimony by Tate regarding the purported "ruse" or that the Defendants have not been truthful must be excluded.

4. **Opinions of Plaintiff's Experts not contained in their Rule 26 reports:**

The plain language of Rule 26 requires that expert "report[s] shall contain a complete statement of all opinions to be expressed...." Fed. R. Civ. Pro. 26(a)(2)(B). A party who fails to disclose information required by Rule 26(a) is not permitted to use the evidence at trial under Rule 37(c).

In the present case, at their depositions, both of the Plaintiff's experts provided opinions in addition to those contained in their Rule 26(a)(2)(B) reports. (J. Evancho depo. 230-231 and M. Tate depo. 84, 85, 97, 263). Evancho added two new opinions that are not contained in his report, including that Mr. Paulk, Jr. was not authorized to seize the Plaintiff under the limited power of attorney and that he was not a surety under the bond. Tate also added additional opinions regarding Mr. Paulk, Jr., including that he was acting under the color of law and that as an attorney Mr. Paulk, Jr. has "superior knowledge."

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

It was unfair for the Plaintiff to fail to disclose the entirety of his experts' opinions in their reports. It was also a violation of Rule 26. Allowing the Plaintiff to utilize expert opinions that were not, and have never been, properly disclosed creates a "moving target" for the Defendants. There is no way the Defendants can be certain that all of the Plaintiff's experts' opinions have been disclosed because additional opinions have been continually added. Because the additional opinions stated by the Plaintiff's experts at their depositions do not comply with the requirements of Rule 26, and out of fairness, any opinions not contained in the Plaintiff's expert reports must be excluded under Rule 37.

WHEREFORE, Alan Paulk, Jr. respectfully urges this Court to enter an Order GRANTING his Motion to Exclude the Testimony of the Plaintiff's Experts for the reasons set forth above.

> Respectfully Submitted,
>
> **DOWNEY & CLEVELAND, LLP**
>
> By: /s/ Sean L. Hynes
>   **SEAN L. HYNES**
>   Georgia State Bar Number 381698
>   Attorneys for Defendant Alan Paulk, Jr.

WADE PADGETT
Ga. State Bar No. 558688
Attorneys for Defendant Paulk, Jr.
1223 George C. Wilson Drive
Augusta, Georgia 30909

## CERTIFICATE OF SERVICE

This is to certify that I have provided opposing counsel with a true and complete copy of the foregoing pleading by depositing same in the United States Mail with sufficient postage thereon to ensure delivery, properly addressed as follows:

Susan W. Cox, Esq.
V. Sharon Edenfield, Esq.
Edenfield, Cox, Bruce & Classens, P.C.
115 Savannah Ave.
P.O. Box 1700
Statesboro, Georgia 30459

Jon Brockman, Esq.
Stuart Teague, Esq.
Brockman & Teague, LLC
110 Veterans Memorial Blvd., Suite 200
Cumming, Georgia 30040

Terry Eugene Williams, Esq.
4330 South Lee Street, N.E.
Building 400-A
Buford, Georgia 30518

Boyd English, Esq.
208 S. Peterson Avenue
Suite 207 Box 2
Douglasville, Georgia 31533

Stephen Gunn Dillard
Dillard & Dillard
P.O. Box 898
Waycross, Georgia 31502-0898

J. Wade Padgett, Esq.
J. Wade Padgett, P.C.
1223 George C. Wilson Drive
Augusta, Georgia 30909

This 5th day of January, 2009.

DOWNEY & CLEVELAND, LLP

By: /s/ Sean L. Hynes
SEAN L. HYNES
Ga. State Bar No. 381698