## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

| | | |
|---|---|---|
| JAMIE MCDANIEL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE NO. |
| | : | |
| ROBERT SMITH; ALAN G. PAULK, JR.; | : | |
| ALAN G. PAULK, SR.;JACK HARPER; | : | CV 507-079 |
| JOHN DOE 1; and JOHN DOES 2-5, | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW Jamie McDaniel ("Plaintiff"), and pursuant to 42 U.S.C. § § 1983, 1985, 1988, and the Fourth, Fifth,and Fourteenth Amendments to the United States Constitution, files this SECOND AMENDEDCOMPLAINT FOR DAMAGES, respectfully showing this Honorable Court the following:

### PARTIES AND JURISDICTION

1.

Defendant Robert Smith (alternatively referred to as "Defendant Smith") is a resident of Coffee County, Georgia. This Defendant may be served via electronic filing upon his counsel.

2.

Defendant Alan G. Paulk, Jr. (alternatively referred to as "Defendant Paulk, Jr." or "Paulk, Jr.") is a resident of the State of Georgia. This Defendant may be served via electronic filing upon his counsel.

3.

Defendant Alan G. Paulk, Sr. (alternatively referred to as "Defendant Paulk, Sr." or "Paulk, Sr.") is a resident of Coffee County, Georgia. This Defendant may be served via electronic filing upon his counsel.

4.

Defendant Jack Harper (alternatively referred to as "Defendant Harper") is a resident of Coffee County, Georgia. This Defendant may be served via electronic filing upon his counsel.

5.

Defendant John Doe 1 is an unknown individual resident of Georgia who aided in the commission of the wrongs set forth in this Complaint.  This Defendant may be served upon discovery of his identity and address.

6.

Defendants John Does 2-5 are other, unknown individual residents of Georgia who aided in the commission of the wrongs set forth in this Complaint including the incarceration and imprisonment of Plaintiff.  These Defendants may be served upon discovery of their identity and address.

7.

This action arises under the Fourth and Fourteenth Amendments to the  Constitution of the United States, for which the jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, 28 U.S.C. §§ 1331and 1343(a)(1)-(4).

**RENEWED ACTION**

8.

On July 20, 2006, Plaintiff filed a Complaint for Damages in the Superior Court of Cobb County and named Alan G. Paulk, Jr., Robert Smith, Alan G. Paulk, Sr., Jack Harper, Todd Winkler, John Doe 1, and John Does 2-5 as Defendants.

9.

On March 26, 2007, Plaintiff voluntarily dismissed his Complaint against Defendants without prejudice.

10.

After filing his dismissal without prejudice, Plaintiff **RENEWED** his complaint pursuant to O.C.G.A. §§ 9-11-41(a) and 9-2-61(a) by filing the present action with this Court on September 25, 2007.

11.

The Court granted Defendant Todd Winkler's Motion for Summary Judgment on October 29, 2009, and he is no longer a Defendant in this action.

12.

Plaintiff shows this Court that the State Court action against Defendants was not a void action. Plaintiff's voluntary dismissal of said action without prejudice against Defendants was entered in the Superior Court for Cobb County on March 26, 2007. Said dismissal was procedural and not a dismissal based upon the merits of the case. All preconditions to renewing his suit have been met.

13.

The claims asserted by Plaintiff against Defendants comprise a renewed action, over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1331.

## FACTUAL BACKGROUND

14.

On St. Patrick's Day, March 17, 2004, Plaintiff celebrated the holiday with his friend, Paulk, Jr., in the Buckhead neighborhood of Atlanta, Georgia, near Defendant Paulk, Jr.'s condominium.  The evening ended for Plaintiff when he was arrested for public urination and obstruction, as he initially ran from the police when they approached him.

15.

The next day, Paulk, Jr. contacted Free at Last Bail Bonding in order to bond Plaintiff out of jail. Paulk, Jr. paid to Free at Last a non-refundable deposit of $204.22 and agreed that if Plaintiff did not comply with the conditions of his bond e.g., if McDaniel failed to appear on his court date -- that Paulk, Jr. would owe Free at Last the entire amount of the bond.

16.

Plaintiff, who still lived in Douglas, Georgia, did appear in the City of Atlanta Municipal Court, as required, on several occasions.  Plaintiff moved to Florida for a new job before a plea deal was reached with the prosecutor.  After his move, Plaintiff failed to appear for Court. No arrest warrant was issued, but Plaintiff's bond was revoked.

17.

Free at Last declined to send a bail recovery agent after Plaintiff, demanded reimbursement from Paulk, Jr., and ultimately sued Paulk, Jr. to recover the money.  In his

answer to Free at Last's collection action, Defendant Alan Paulk, Jr. stated that he personally had gone to "extraordinary" lengths to deliver the "body" of Plaintiff to the City of Atlanta.

18.

Paulk, Jr. was angry with Plaintiff for the bond revocation and as a result, decided to teach him a lesson and/or to collect on the alleged debt in violation of Plaintiff's constitutional rights.  He turned to Coffee County, where he had grown up with Plaintiff, and where he had been an Assistant District Attorney for two years. Paulk, Jr. called his father, Defendant Alan Paulk, Sr., an influential Coffee County real estate developer who had contacts with the Coffee County Sheriff's Office, for help.

19.

Paulk, Sr. was a friend and political contributor of then-Coffee County Sheriff, Defendant Robert Smith. Paulk, Sr. was also acquainted with Defendant Jack Harper, a reserve Coffee County Deputy Sheriff who occasionally performed tasks in that official capacity; however, Defendant Harper also took instructions from Paulk, Sr.

20.

Defendants Paulk, Jr., Paulk, Sr., Harper, and Smith conspired together to violate Plaintiff's constitutional rights.

21.

Defendants Paulk, Jr. and Sr. traded on their political clout, patronage, and influence with Defendant Harper and Defendant Smith to cause them to forcibly take Plaintiff from his workplace in Florida and to place Plaintiff in a holding cell in Coffee County, Georgia all without extradition or an arrest warrant and in violation of Georgia and Florida laws.

22.

Even though Defendant Smith learned through the state criminal database that there was no outstanding warrant for Plaintiff's arrest, Defendant Smith directed Defendant Harper to utilize a marked Coffee County Sheriff's Department patrol car to travel from Douglas, Georgia to Flagler Beach, Florida to forcibly bring Plaintiff back to Georgia.

23.

None of the Defendants were authorized under the law to act as a bounty hunter and/or bail recovery agent.

24.

Defendant Harper and Defendant John Doe 1 entered Plaintiff's place of employment in Flagler Beach, Florida bearing handcuffs, one or more guns, and presenting a badge.   The Defendants, without Plaintiff's consent, seized Plaintiff and forced him into the rear passenger seat of a marked Coffee County Sheriff's Department patrol car.

25.

Without Plaintiff's consent and at the direction of Defendant Smith, Defendant Harper, along with John Doe 1, transported Plaintiff back across state lines from Flagler Beach, Florida to the Coffee County Adult Detention Center in Douglas, Georgia.

26.

Defendant Smith, the Sheriff of Coffee County, authorized and conspired with the other Defendants to incarcerate Plaintiff in the Coffee County jail for more than seventy-two hours without probable cause for detaining him.

27.

Defendants willfully and intentionally conspired to keep Plaintiff's imprisonment from appearing on the records of the jail facility by failing to complete any booking records on Plaintiff including fingerprinting, photographing, or otherwise creating a jail file on Plaintiff, and/or by destroying the records of his presence in the jail.

28.

Although Plaintiff was incarcerated in the Coffee County Jail, Defendants conspired to intentionally and purposefully not present Plaintiff to any judicial officer at any time during his imprisonment of more than seventy-two (72) hours in the Coffee County Jail.

29.

After being held at the Coffee County Jail for more than seventy-two (72) hours without being presented to any judicial officer and without the presentment of any formal charges against Plaintiff, Defendant Smith, with the consent and agreement of the other Defendants, directed Plaintiff to be taken in another marked Coffee County Sheriff Department squad car, and transported Plaintiff to the detention facility for the City of Atlanta.

30.

Upon arrival at the City of Atlanta, officials with the City of Atlanta detention facility refused to take custody of Plaintiff, indicating that there was no arrest warrant or other authority that gave them the right to take Plaintiff into custody.

31.

After the several day ordeal of being imprisoned and forcibly transported across state lines against his will, Plaintiff was finally released by Defendants.

32.

As a result of Plaintiff's seizure and extended imprisonment, Plaintiff's employer fired him under the belief that Plaintiff was a scoundrel and criminal who had committed grave offenses to warrant such treatment.

33.

Following Plaintiff's release, Plaintiff returned to his place of residence in Flagler Beach, Florida. Plaintiff then discovered that, in his absence, his landlord had locked him out of his residence and had evicted him due to the belief that Plaintiff was a criminal.

34.

In the end, Paulk, Jr. ultimately only paid Free atLast $300-$400 for Plaintiff's bond revocation, instead of the full bond amount.

35.

The acts, circumstances, and conduct at issue in this Second Amended Complaint were taken intentionally, with malice towards Plaintiff, and/or with reckless disregard for the rights of Plaintiff, and in bad faith, and/or with negligence. Said events were in violation of Plaintiff's federally-protected constitutional rights as well as violations of Georgia and Florida law.

36.

Plaintiff has suffered damages as a result of Defendants' tortuous conduct in an amount to be proven at trial.

**COUNT 1 – VIOLATION OF DUE PROCESS BY DEFENDANT SMITH**

37.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

38.

Defendant Smith undertook his actions described in this Complaint under color of state law, ordinance, regulation, custom, and/or usage, and said actions were in violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

39.

The actions of Defendant Smith set forth herein constitute a violation of the Fourth and Fourteenth Amendments of the United States Constitution. The deprivations of rights resulting from the actions and conduct of Defendant Smith are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

40.

Defendant Smith's failure to follow the Georgia and Florida state laws regarding extradition amounts to a constitutional tort in that Defendant Smith's actions violated Plaintiff's constitutionally-protected right to be free from unreasonable seizure.

41.

The failure to follow extradition procedures was intentional, arbitrary, and capricious, were lacking in substantial or rational relationship to the public health, safety, and welfare, and were in violation of the due process clause of the United States Constitution and contrary to the requirements of well-established law.

42.

The actions and conduct of Defendant Smith have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42

U.S.C. § 1983 and 42 U.S.C. § 1988.

43.

Plaintiff is entitled to damages in an amount to be proven at trial.

**COUNT 2 – VIOLATION OF DUE PROCESS BY DEFENDANT HARPER**

44.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

45.

Defendant Harper undertook his actions described in this Complaint under color of state law, ordinance, regulation, custom, and/or usage, and said actions were in violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

46.

The actions of Defendant Harper set forth herein constitute a violation of the Fourth and Fourteenth Amendments of the United States Constitution. The deprivations of rights resulting from the actions and conduct of Defendant Harper are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

47.

Defendant Harper's failure to follow the Georgia and Florida state laws regarding extradition amounts to a constitutional tort in that Defendant Harper's actions violated Plaintiff's constitutionally-protected right to be free from unreasonable seizure.

48.

The failure to follow extradition procedures was intentional, arbitrary, and capricious, and were lacking in substantial or rational relationship to the public health, safety, and welfare,

and were in violation of the due process clause of the United States Constitution and contrary to the requirements of well-established law.

49.

The actions and conduct of Defendant Harper have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

50.

Plaintiff is entitled to damages in an amount to be proven at trial.

**COUNT 3 – VIOLATION OF FOURTH AMENDMENT BY DEFENDANT HARPER**

51.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

52.

Defendant Harper undertook his actions described in this Complaint under color of state law, ordinance, regulation, custom, and/or usage, and said actions were in violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

53.

The actions of Defendant Harper set forth herein constitute a violation of the Fourth and Fourteenth Amendments of the United States Constitution. The deprivations of rights resulting from the actions and conduct of Defendant are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

54.

The actions of Defendant Harper amount to a constitutional tort in that the seizure of Plaintiff in the State of Florida and failure to follow Georgia or Florida state extradition laws constituted an illegal search and/or seizure of Plaintiff, and were contrary to the requirements of well-established law, including, but not limited to the requirements of Florida law, federal law, and Georgia law.

55.

The actions and conduct of Defendant Harper have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and U.S.C. § 1983 and 42 U.S.C. § 1988.

56.

Plaintiff is entitled to damages in an amount to be proven at trial.

**COUNT 4 – VIOLATION OF FOURTH AMENDMENT BY DEFENDANT SMITH**

57.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

58.

Defendant Smith undertook his actions described in this Complaint, including the actions of permitting use of a Coffee County Sheriff's car for purposes of use by an alleged bounty hunter, bond agent, or other title assumed by Defendant Harper, or guarantors of a surety agreement, and the failure to book and record detention of Plaintiff, failure to serve Plaintiff with

a certified and/or active warrant, failure to give proper notice and an opportunity for hearing before a magistrate or Judge of the City Court of Atlanta, under color of state law, ordinance, regulation, custom, and/or usage, and said actions were in violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

59.

The actions of Defendant Smith set forth herein constitute a violation of the Fourth and Fourteenth Amendments of the United States Constitution. The deprivations of rights resulting from the actions and conduct of Defendant are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

60.

The actions of Defendant Smith in detaining Plaintiff in the Coffee County Adult Detention Center under his authority as Sheriff amount to a constitutional tort in that the seizure of Plaintiff using instruments of authority of the Coffee County Sheriff's Office and transportation across state lines to the Coffee County Adult Detention Center for detention, and the failure to book and record detention of Plaintiff, failure to serve Plaintiff with a certified and/or active warrant, failure to give proper notice and an opportunity for hearing before a magistrate or Judge of the City Court of Atlanta, constituted an illegal search and/or seizure of Plaintiff, and were contrary to the requirements of well-established law, including, but not limited to the requirements of Florida law, federal law, Georgia law, and the City of Atlanta Charter and Code of Ordinances.

61.

The actions and conduct of Defendant have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of

attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and U.S.C. § 1983 and 42 U.S.C. § 1988.

62.

Plaintiff is entitled to damages in an amount to be proven at trial.

**COUNT 5 – DEFENDANT SMITH'S SUPERVISORY LIABILITY**

63.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

64.

Defendant Smith undertook his actions described in this Complaint, including directly participating in the seizure and imprisonment of Plaintiff at the Coffee County Adult Detention Center ostensibly for alleged bounty hunters, bond agents, or guarantors of a surety agreement, and the failure to book and record detention of Plaintiff, failure to serve Plaintiff with a certified and/or active warrant, failure to give proper notice and an opportunity for hearing before judicial officer, under color of state law, ordinance, regulation, custom, and/or usage, and said actions were in violation of the rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

65.

The actions of Defendant Smith set forth herein constitute a violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. The deprivations of rights resulting from the actions and conduct of Defendant are in violation of the provisions of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

14

66.

The actions of Defendant Smith participating in and actively permitting his agents to detain Plaintiff in the Coffee County Adult Detention Center under his authority as Sheriff amount to a constitutional tort in that the seizure of Plaintiff using instruments of authority of the Coffee County Sheriff's Office and transportation across state lines to the Coffee County Adult Detention Center for detention, and the failure to book and record detention of Plaintiff, failure to serve Plaintiff with a certified and/or active warrant, failure to give proper notice and an opportunity for hearing before a magistrate or Judge of the City Court of Atlanta, constituted an illegal search and/or seizure of Plaintiff, and were contrary to the requirements of well-established law, including, but not limited to the requirements of Florida law, federal law, Georgia law, and the City of Atlanta Charter and Code of Ordinances.

67.

The actions and conduct of Defendant have caused Plaintiff damages in an amount to be proven at trial including damages in the form of expenditures of substantial amounts of attorneys' fees, expenses of litigation, and costs to vindicate Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

68.

Plaintiff is entitled to damages in an amount to be proven at trial.

**COUNT 6 – VIOLATION OF 42 U.S.C. § 1983 CONSPIRACY**

69.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

70.

Defendants, acting under color of law, agreed and conspired to violate Plaintiff's Constitution rights in violation of 42 U.S.C. § 1983 in crossing state lines, seizing Plaintiff against his will and detaining him for more than seventy-two (72) hours without presenting him to a judicial officer as required by Georgia law.

71.

As a result of Defendants conspiracy, Plaintiff is entitled to damages in an amount to be proven at trial under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**COUNT 7 – FALSE ARREST**

72.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

73.

Due to the actions of Defendants Smith and Harper, either acting alone and/or in conjunction with each other, Plaintiff was deprived of his personal liberty without a warrant for his arrest, or an exception for the requirement of a warrant, causing Plaintiff damages.

74.

Defendants Smith and Harper are jointly and severally liable to Plaintiff for false arrest under Georgia law and equivalent provisions of Florida law.

75.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT 8 –WRONGFUL IMPRISONMENT

76.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

77.

One or more Defendants acting alone or in concert with one another, kidnapped and falsely imprisoned Plaintiff and are jointly and severally liable to Plaintiff for wrongful imprisonment under Georgia law including but not limited to the provisions of the Georgia Constitution of 1983, Article 1, Section 1 Paragraph 23, and equivalent provisions of Florida law.

78.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT 9 – ASSAULT AND BATTERY

79.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

80.

One or more of Defendants acted jointly and severally in placing Plaintiff in reasonable apprehension for his safety and in wrongfully touching Plaintiff, or in procuring such conduct. Defendants are liable for assault and battery under Georgia law and equivalent provisions of Florida law.

81.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT 10 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

82.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

83.

The acts of one or more Defendants alleged in the Complaint were extreme and outrageous and caused Plaintiff mental and emotional distress. Defendants are liable to Plaintiff for intentional infliction of emotional distress under Georgia law and equivalent provisions of Florida law.

84.

Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT 11 – AGENCY LIABILITY

85.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

86.

Defendants Smith, Harper, and/or John Does 1-5 acted in the scope or course of their employment for, and/or agency for, or on behalf of, Defendants Paulk, Sr. and/or Paulk, Jr. in connection with the facts giving rise to the Complaint.

87.

In addition to or in alternative to the allegations of the preceding paragraph, Defendants Harper, and/or John Does 1-5 acted in the scope or course of their employment for, and/or

18

agency for, or on behalf of, Defendant Smith in connection with the facts giving rise to the Complaint.

88.

In addition to or in alternative to the allegations of the preceding paragraphs of this Count, Defendants Harper, and/or John Does 1-5 acted in the scope or course of their employment for, and/or agency for, or on behalf of, Defendants Paulk, Sr. and/or Paulk, Jr. in connection with the facts giving rise to the Complaint.

89.

Defendants Smith, Paulk, Sr., and/or Paulk, Jr. are liable for damages to Plaintiff caused by the acts of Defendants Harper, and/or John Does l-5, Winkler under theories of agency and/or respondent superior.

## COUNT 12 – ATTORNEYS' FEES, EXPENSES AND COSTS

90.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

91.

Defendants acted in bad faith, were stubborn and litigious, and have caused Plaintiff unnecessary trouble and expense.

92.

Plaintiff is entitled to an award of his attorneys' fees, expenses of litigation and costs pursuant to 42 U.S.C. § 1988.

## COUNT 13– PUNITIVE DAMAGES

### 93.

Plaintiff re-alleges and incorporates as if fully stated herein the prior averments in this Second Amended Complaint for Damages.

### 94.

The acts in this Second Amended Complaint were part of a pattern and practice of misconduct and corruption by the former Sheriff of Coffee County, Defendant Rob Smith. In addition, Defendants acted with malice, intent, willfully, or with reckless disregard for Plaintiff's rights.

### 95.

Defendants engaged in the above-described conduct with an evil motive and intent. Defendants' conduct was reckless and was callously indifferent to Plaintiff's federally-protected rights under the First Amendment to the United States Constitution.

### 96.

As a result of Defendants' recklessness and callous indifference to Plaintiff's federally-protected rights, and as a result of the significant financial damages that Defendants' illegal conduct has caused him, Plaintiff is entitled to punitive damages.

### 97.

Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to punitive damages against Defendants in an amount necessary to penalize, punish, and deter Defendants from further misconduct.

Wherefore, Plaintiff prays as follows:

(a) That the Complaint be served on Defendants in a manner required by law;

(b) That this case be tried before a jury;

(c) That the Court award Plaintiff damages for the torts prayed in this Complaint;

(d) That the Court award Plaintiff his attorneys' fees, expenses of litigation and costs;

(e) That the Court award Plaintiff punitive damages; and

(f) That the Court award Plaintiff such other and further relief as appropriate.

This the 27th day of May, 2011.

**EDENFIELD, COX, BRUCE & CLASSENS, P.C.**

**/s/ V. Sharon Edenfield**
**SUSAN W. COX**
State Bar of Georgia No. 738550
**V. SHARON EDENFIELD**
State Bar of Georgia No. 141646
Attorneys for Plaintiff

115 Savannah Ave.
P.O. Box 1700
Statesboro, GA  30459
912.764.8600  telephone
912.764.8862  facsimile

**JON BROCKMAN** (Admitted *Pro Hac Vice*)
**J. STUART TEAGUE, JR.**  (*Admitted Pro Hac Vice*)
Brockman & Teague, LLC
110 Veterans Memorial Blvd.
Ste. 200
Cumming, GA  30040
770.205.8887
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading by serving via electronic filing,  addressed to the following:

Sean L. Hynes, Esq.
Downey & Cleveland, LLP
288 Washington Ave.
Marietta, GA  30060

Terry E. Williams, Esq.
Jason Waymire, Esq.
Williams, Morris & Blum, LLC
4330 South Lee St., NE
Building 400, Suite A
Buford, GA  30518-3027

Boyd English, Esq.
208 S. Peterson Ave.
Ste. 207, Box 2
Douglas, GA  31533

Kristi L. Lowery, Esq.
Dillard & Lowery
P.O. Box 898
Waycross, GA 31502

This 27th day of May, 2011.

EDENFIELD, COX, BRUCE & CLASSENS, P.C.


/s/ V. Sharon Edenfield_____
State Bar of Georgia No. 141646
Attorney for Plaintiff