FILED
U.S. ... COURT
2011 OCT 5 AM 11:21
CLERK R Cur
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMIE McDANIEL,

    Plaintiff,

v.

ROBERT SMITH, and
JACK HARPER

    Defendants.

CIVIL ACTION NO.: CV507-079

## ORDER

Plaintiff filed a Motion in Limine, and Defendant Smith filed a Response in opposition to this Motion. After review, the Court rules as follows:

Plaintiff contends that any evidence that he agreed to out-of-state apprehension by Defendant Smith under the bail bond agreement with Free at Last should be excluded. Plaintiff also contends that any evidence that Defendant Jack Harper believed that he was legally entitled to enter the State of Florida as a bail bond agent should be excluded. Plaintiff asserts that this Court has already decided the meaning of the surety contract in his favor, and Defendants should not be allowed to argue their "novel construction of bail bond law to the jury" since their arguments have been rejected. (Doc. No. 299, p. 2).

Defendant Smith asserts that some of his defenses are based on the existence and effect of the bail bond agreement and the "common law of bail." (Doc. No. 318, p.

3). Defendant Smith states that the existence and content of the bail bond agreement and Defendant Smith's understanding of the bail relationship are relevant.

The Honorable Lisa Godbey Wood has determined that Free at Last did not give Defendant Harper authority to apprehend Plaintiff on its behalf and that Defendant Harper denied having any authorization to act as a bail recovery agent for Free at Last. (Doc. No. 220, p. 14). In addition, Judge Wood determined that Defendants Smith and Harper were barred by Georgia statute from acting as bail recovery agents. (Doc. No. 221, p. 13; Doc. No. 229, p. 14). To the extent Defendant Smith wishes to introduce testimony and evidence which contradicts Judge Wood's previous rulings, this portion of Plaintiff's Motion is **GRANTED**. However, Defendant Smith may introduce evidence that he and Defendant Harper may have believed they were authorized to apprehend Plaintiff based on a bail bond agreement, even if that belief was mistaken. Plaintiff will have the opportunity to rebut any evidence of this nature, whether through cross-examination or by the introduction of his own evidence.

Plaintiff asserts that evidence of his unrelated misdemeanor convictions for simple battery, driving under the influence, violation of the open container law, and obstruction of a police officer must be excluded pursuant to Rule 609 of the Federal Rules of Evidence because his misdemeanor convictions did not involve acts of dishonesty or false statements.

Defendant Smith agrees that Plaintiff's previous convictions are not within the scope of Rule 609. However, Defendant Smith argues, the point of introducing these convictions is not to impeach Plaintiff but to rebut Plaintiff's claimed damages.

"For the purpose of attacking the character for truthfulness of a witness, evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." FED. R. EVID. 609(a)(2). Plaintiff's previous convictions do not appear to involve acts of dishonesty or false statements. While Plaintiff is correct that evidence of his previous convictions cannot be admitted pursuant to Rule 609, this does not mean evidence relating to these convictions should be summarily excluded from trial. To the extent Defendant Smith seeks to introduce evidence of Plaintiff's previous misdemeanor convictions for impeachment purposes, this portion of Plaintiff's Motion is **GRANTED**. Defendant Smith is not barred from introducing evidence of Plaintiff's previous misdemeanor convictions for other purposes, such as Plaintiff's damages claim, provided that said evidence is relevant to the issues at trial and otherwise admissible.

Plaintiff alleges that Defendant Smith should not be allowed to introduce the arrest citations and incident reports relating to his City of Atlanta arrest for urinating in public, including the unsigned arrest citation for failure to appear and the incident report for urinating in public. According to Plaintiff, Defendant will seek to introduce this evidence to confuse or mislead the jury into believing Defendants were permitted to take Plaintiff into custody under the citation.

Defendant Smith contends that the arrest and charge information were "key pieces of information" provided to him, and he relied upon this information to make the decision to attempt an apprehension. (Doc. No. 318, p. 10). Defendant Smith also contends that the jury would be left with the impression that Plaintiff was detained for no

AO 72A
(Rev. 8/82)

reason, which is false. Defendant Smith further contends that evidence regarding the City of Atlanta charges is relevant to Plaintiff's damages claim.

This portion of Plaintiff's Motion is **DENIED**. Defendant Smith is entitled to present evidence of the arrest citations and incident reports relating to Plaintiff's City of Atlanta arrest.

Plaintiff avers that any evidence, such as photographs, which shows or infers that he and Alan Paulk, Jr., remained friends after the apprehension is irrelevant to any issues remaining before the Court. Plaintiff contends that Defendant Smith seeks to introduce this evidence to prove that Plaintiff has forgiven his childhood friend and that Defendant Smith should not be held accountable for his actions. Plaintiff states that the introduction of this evidence would confuse the jury.

Defendant Smith alleges[1] that the nature of the relationship between Plaintiff and Alan Paulk, Jr., may go to the credibility of these individuals as witnesses, explain these individuals' conduct, and show bias or the lack thereof. The Court reserves ruling on this portion of Plaintiff's Motion. The relevance and admissibility of this evidence will be determined at trial.

**SO ORDERED**, this 5th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant Smith asserts that Plaintiff has abandoned any objection to the admission of photographs of the inside of the courtroom at the Coffee County Detention Center. While Plaintiff does not seek the exclusion of these photographs in the present Motion, the undersigned does not deem any potential objection to these photographs abandoned.

AO 72A
(Rev. 8/82)